# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE SHAWN MALONE,<br><br>             Plaintiff,<br><br>        v.<br><br>F. GONZALEZ, et al.,<br><br>             Defendants. | CASE NO. 1:11-CV-0697-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(DOC. 9) |

Plaintiff De Shawn Malone ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for injunctive relief filed September 6, 2011. Doc. 9.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S. Ct. at 376. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.*

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,

1

Case 1:11-cv-00697-DLB   Document 13   Filed 11/07/11   Page 2 of 2

1  454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it
2  has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court
3  may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter
4  jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
5  court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

6      Plaintiff moves for an order requiring Warden F. Gonzalez at High Desert State Prison to
7  grant Plaintiff access to the law library for forms necessary to initiate a civil suit in state court.
8  However, the Court concurrently has issued an order dismissing Plaintiff's first amended
9  complaint for failure to state a claim and granting him leave to amend.  At this stage in the
10 proceedings, Plaintiff has not stated any claims for relief which are cognizable under federal law.
11 As a result, the Court has no jurisdiction to award any preliminary injunctive relief.  Therefore,
12 Plaintiff's motion for preliminary injunction is DENIED.

13     IT IS SO ORDERED.

14     Dated:   **November 7, 2011**               **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE