# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE SHAWN MALONE, | 1:11-cv-0697 DLB-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND (DOC. 10) |
| v. | |
| F. GONZALEZ, et al., | RESPONSE DUE WITHIN THIRTY DAYS |
| Defendants. / | |

**I.   RELEVANT PROCEDURAL HISTORY**

De Shawn Malone ("Plaintiff"), a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on May 2, 2011. Doc. 1. He filed a First Amended Complaint ("FAC") on September 27, 2011. Doc. 11. Plaintiff's FAC is now before the court for screening.

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

### III.    SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California. The events at issue in this action occurred while Plaintiff was incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff names as Defendants: F. Gonzalez, Warden at CCI; Correctional Sergeants Bounville and Diaz, and Corrections Officer Jane/John Doe.

In his complaint, Plaintiff alleges as follows: On August 29, 2010, Plaintiff was housed at Kern Valley State Prison ("KVSP") and filed a health care grievance/appeal ("602 appeal"). On September 14, 2010, he was transferred to California Correctional Institution ("CCI") in Tehachapi, California. In October 2010, Plaintiff's 602 appeal was forwarded to him at CCI after the first level inmate appeals process had been completed. Plaintiff was dissatisfied with the decision and decided to pursue his 602 appeal to the second level. On October 13, 2010, he turned over his 602 appeal to "prison officials at first watch" with the expectation that the documentation would be routed to the appropriate staff. FAC, p. 4. In December 2010, Plaintiff received an appeals screening form indicating that the office for health care appeals did not receive his 602 appeal for over a month. Plaintiff contends that the "only obvious explanation was that prison official(s) at first watch held the health care appeal until it could be considered delayed." FAC, p. 5. Plaintiff informed the health care appeals coordinator. In late December 2010, Plaintiff received notice that his 602 appeal had been screened out for delay. On December 20, 2010, Plaintiff filed a second 602 appeal regarding

the circumstances of his original health care 602 appeal.

Plaintiff alleges that the first watch prison officials maliciously held his health care 602 appeal so that it would be barred due to time restraints. Plaintiff contends that these officials retaliated against his first amendment right to file a prison grievance and intentionally interfered with the exhaustion of his grievance. Plaintiff seeks declaratory relief against Warden Gonzalez to allow Plaintiff to exhaust his health care 602 appeal. Plaintiff also seeks compensatory and punitive damages against prison officials at first watch, Sergeant Diaz and Correctional Officer Jane/John Doe.

## IV.     PLAINTIFF'S CLAIMS

### 1.     Inmate Appeals

Plaintiff alleges a violation of the First Amendment by defendants for interfering with his ability to exhaust administrative remedies. Plaintiff fails to state a claim. While Plaintiff has the constitutional right to file inmate grievances, Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), he has no liberty interest in the specific processing of his inmate grievances, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). When a prison official fails to process or respond to an inmate's grievance, he does not, without more, commit a constitutional violation. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (prison grievance system is procedural and does not afford an inmate separate substantive rights). Accordingly, Plaintiff's allegations regarding his 602 appeals do not state a cognizable claim under § 1983.

Further, Plaintiff's claim does not rise to the level of an access to the courts deprivation. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).

A necessary element for this claim requires that plaintiff show he suffered an "actual injury"

by being shut out of court. Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351. The second element requires that Plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991) (citing Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)); see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir.2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via this suit for denial of access to the courts. Harbury, 536 U.S. at 415.

Here, Plaintiff's allegations do not indicate he was shut out of court. Whether Plaintiff will be shut out of court in the future by defendants' alleged constitutional violation has yet to occur. Plaintiff thus fails to state a cognizable claim against defendants.

**2.     Retaliation**

Plaintiff asserts that defendants retaliated against him by holding his 602 appeal. Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir.2005). A viable claim of retaliation entails five basic elements: (1) an assertion that a prison official took some adverse action against an inmate (2) because of (3) the inmate's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the adverse action did not reasonably advance a legitimate penological purpose. Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994).

Here, Plaintiff's only asserted fact is that his health care 602 appeal was not received for over a month. This does not state a claim for retaliation. There are no facts alleged to suggest that any delay was caused by the named defendants at CCI. The fact that Plaintiff believes that the only reasonable explanation for the delay is that the first watch defendants "held" his 602 inmate grievance is mere supposition. Plaintiff must allege facts, not conclusions. Likewise, there is no allegation that any purported delay chilled Plaintiff's exercise of his First Amendment rights. Accordingly, Plaintiff's claim of retaliation is not based on any factual support and he fails to state a cognizable claim.

Insofar as Plaintiff attempts to impose liability on the Warden, Plaintiff does not state a claim

for supervisory liability. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisor position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged that the Warden was aware of the constitutional violations done by his subordinates and failed to act. Plaintiff fails to state a claim for supervisory liability.

**V.     CONCLUSION AND ORDER**

For the reasons stated, Plaintiff fails to state a claim against any defendants. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

5

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within thirty (30) days from the date of service of this order; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:  **November 7, 2011**          **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE