# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE SHAWN MALONE, | 1:11cv0697 DLB PC |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |
| CORRECTIONAL SERGEANT BOUNVILLE, | |
| Defendant. | |

_____/

**Screening Order**

## I.    Background

Plaintiff De Shawn Malone ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  He filed his complaint on May 2, 2011.[1]  Plaintiff filed a First Amended Complaint on September 27, 2011.  Pursuant to the Court's screening order, he filed a Second Amended Complaint ("SAC") on December 12, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] On May 13, 2011, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

2   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

3   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

4   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

5   1915(e)(2)(B)(ii).

6          A complaint must contain "a short and plain statement of the claim showing that the

7   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

8   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

10  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

11  factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting

12  Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are

13  not.  Id.

14  **II.    Summary of Complaint**

15         Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California.

16  The events at issue occurred while Plaintiff was incarcerated at the California Correctional

17  Institution ("CCI") in Tehachapi, California.  Plaintiff names Correctional Sergeant Bounville as

18  the Defendant.

19         Plaintiff explains that he was initially housed at Kern Valley State Prison, where he

20  submitted a health care grievance/appeal ("602 appeal") in August 2010.  Soon after, he was

21  transferred to CCI.  In October 2010, the 602 appeal was routed to Plaintiff at CCI after a first

22  level response.  Plaintiff was dissatisfied with the decision and chose to file a second level

23  appeal.  On October 13, 2010, he turned over his 602 appeal to CO J. Gill, the health care inmate

24  appeal first watch officer.

25         After time passed without receiving a response, Plaintiff asked CO Carrillo to look into

26  whether the 602 appeal was received at the Inmate Appeals Office.  Plaintiff was told to talk to

27  the CO assigned to the housing unit, CO Yubeta.  CO Yubeta told Plaintiff that Defendant

28  Bounville receives the inmate appeals from the first watch officers and then routes them.  He was

1    also told by counselor Lopez that it was Defendant's responsibility to log inmate appeals and

2    route them out.  On November 8, 2010, Plaintiff asked to speak to Defendant Bounville and CO

3    Yubeta said he would relay the request.  Defendant did not come to speak with Plaintiff.

4         On November 11, 2010, Plaintiff sent a form to Defendant inquiring about missing and/or

5    delayed 602 appeals.  Defendant did not respond.

6         On November 18, 2010, Plaintiff had a chance encounter with Defendant and explained

7    that his 602 appeal had not been addressed and returned.  Defendant stated that he did not

8    remember Plaintiff's specific 602 appeal, but that he would "check into it."

9         On November 22, 2010, Plaintiff received a notice from the Inmate Appeals Coordinator

10   that his 602 appeal would be screened out due to a time delay.  He asked CO Gill about the delay,

11   and Gill told him that after he collects the inmate appeals, he gives them to the "booth cop," who

12   then stamps them and gives them to second watch sergeant Defendant Bounville.

13        Plaintiff returned the notice to the Appeals Coordinator with an explanation as to where

14   the delay may have originated from and that it was not Plaintiff's fault.  In December 2010,

15   Plaintiff received confirmation that his 602 appeal was screened out for delay.

16        On December 12, 2010, Plaintiff filed an inmate appeal about the interference with his

17   602 appeal. On December 19, 2010, Plaintiff wrote to the warden about the missing 602 appeal.

18        On February 9, 2011, while being escorted to the law library, Plaintiff ran into Defendant

19   Bounville and asked why his 602 appeal was delayed and/or held somewhere.  Defendant stated

20   that he did not recall the specific appeal, "but if it reached the inmate appeals office then he

21   forwarded it."  SAC, at 7.

22        Based on these allegations, Plaintiff alleges retaliation for exercising his First

23   Amendment right to file a prison grievance.  He alleges that Defendant Bounville held his 602

24   appeal "well over the time required for it to be received," and then, once his act "was called

25   upon," forwarded the 602 appeal anonymously so it looked liked the delay was caused by

26   Plaintiff.  SAC, at 8.  Plaintiff states that if it had been a mistake, Defendant would have notified

27   the appeals coordinator and the delay would have been excused.

28        Plaintiff requests compensatory and punitive damages.

**III.    Discussion**

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir.2005). A viable claim of retaliation entails five basic elements: (1) an assertion that a prison official took some adverse action against an inmate (2) because of (3) the inmate's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the adverse action did not reasonably advance a legitimate penological purpose. Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994).

Plaintiff's allegations fail to state a claim.  First, his allegations against Defendant Bountville are based on little more than speculation.  There are no facts to suggest that Defendant Bountville held Plaintiff's mail, nor are there any facts to suggest that he acted in retaliation for Plaintiff's 602 appeal based on medical care.  Plaintiff simply takes a factual leap, without support, to allege that Defendant Bountville was responsible for the alleged delay.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, at 1949-1950.

Second, Plaintiff does not sufficiently allege an adverse action that chilled the exercise of his First Amendment rights.  Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity.  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006).  Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities.

However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation.  In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez,

4

1  108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent

2  finding of guilt); <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer

3  and double-cell status in retaliation); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir.

4  1989) (inmate labeled him a snitch and approached by other inmates and threatened with harm as

5  a result); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of

6  vocational class and transfer to a different prison).

7      Here, the alleged action taken by Defendant- the delay in forwarding Plaintiff's 602

8  appeal- is not the type of adverse action that gives rise to a cognizable claim for relief for

9  retaliation.  In other words, it is not likely that such an action would chill an ordinary person from

10 filing another grievance.  In fact, Plaintiff filed an inmate appeal *about* the alleged interference

11 and wrote to the warden about the missing 602 appeal.  Therefore, Plaintiff's own allegations

12 demonstrate that his First Amendment rights were not chilled.

13     Plaintiff has been given an opportunity to amend but has failed to do so.

14                              **ORDER**

15     Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITHOUT LEAVE

16 TO AMEND.

17     This terminates this action in its entirety.

18     IT IS SO ORDERED.

19   **Dated:    April 30, 2012**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE